Appeal No. 07-1892 and No. 07-1899

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

BONNIE VAN ALSTYNE,
Appellee

v.

ELECTRONIC SCRIPTORIUM, LIMITED,
Appellant

---

BONNIE VAN ALSTYNE,
Appellee
v.
EDWARD LEONARD,
Appellant

Appeal from the United States District court for the
Eastern District of Virginia, Alexandria Division

---

## SUPPLEMENTAL BRIEF OF
## APPELLANTS ELECTRONIC SCRIPTORIUM, LIMITED
## AND EDWARD LEONARD

Nicholas H. Hantzes, Esquire
HANTZES & REITER
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
(703) 378-5000

December 19, 2008

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………… i

Summary of Argument……..…………………………………………………….. 1

I.   The Issues On Appeal Relating To Need to Prove Actual
     Damages Are Purely Legal Issues Of Statutory Interpretation………… 2

II.  The Issue Of Statutory Interpretation Is Reviewable As Plain Error
     Under Rule 51(c) Of The Federal Rules of Civil Procedure……………. 4

III. *Unitherm* Does Not Prevent This Court From Evaluating The Issue
     Of Statutory Interpretation……………………………………………. 8

Conclusion……………..…………………………………………………….. 14

# TABLE OF AUTHORITIES

**CASES:**

*A Helping Hand, LLC v. Baltimore County, Maryland*,
515 F.3d 356, 370 n 7. (4th Cir. 2008)………………………………… 2, 4

*Bristol Steal & Iron Works v. Bethlehem Steel Corp.*,
41 F.3d 182,186 (4th Cir. 1994)………………………………….…..... 11

*Cetto* v. *LaSalle Bank Nat. Ass'n*,
518 F.3d 263, 269 (4th Cir. 2008)…………………………………….. 4

*Chestnut v. City of Lowell,* 305 F.3d 18, 20 (3rd Cir. 2002)………….. 8
*DMI, Inc. v. Deere & Co.*,
802 F.2d 421, 427 (Fed. Cir. 1986) …………………………….………. 11

*Ferguson v. Guyana Machinery Co.,* 1995 WL 20793;
46 F.3d 1123(table) (4th Cir. 1995)…………………………….………… 7

*Fuesting v. Zimmer, Inc.,* 448 F.3d 936, 939 (7th Cir. 2006*),
cert. denied,* 127 S.Ct. 1151 (2007)……………………………….…….. 9

*Furka v. Great Lakes Dredge & Dock Co.,*
775 F.2d 185, 1089 (4th Cir. 1985)…………………………….…………. 7

*Metcalf v. Bochco,* 200 Fed. Appx. 635, 637 n. 1 (9th Cir. 2006). …… 9

*Miller v Premier Cor.,* 608 F.2d 973, 982 (4th Cir. 1979) …………….. 6

*Spell v . McDaniel*, 824 F.2d 1380, 1399 (4th Cir. 1987) ……………… 7

*Stewart v. Hall,* 770 F.2d , 1271 (4th Cir. 1985) ……………………….. 6

*United States v. Beasley*, 495 F.3d 142 (4th Cir. 2007) ……………….. 8

*U.S. v. Goforth*, 546 F.3d 712, 714 (4th Cir. 2008)…………………… 3-4

*Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*,
546 U.S. 394 (2006)………………………………………………... passim

## **STATUTES AND RULES:**

18 U.S.C. 2701 … ……………………………………………………………　passim

18 U.S.C. § 2707 …………………………………………………………..　 passim

Fed. R. Civ. P. 50.. ……………………………………………………………　passim

Fed. R. Civ. P. 51(c) ………………………………………………………..　passim

Fed. R. Civ. P. 59(c) ……………………………………………………... .　11,12

## **OTHER AUTHORITIES:**

11 Charles Alan Wright and Author R. Miller, Federal Practice and Procedure
§ 2540 (2d ed. 1995)…………………………………………………….. 　10

## **STATUTES AND RULES:**

18 U.S.C. 2701 … ……………………………………………………………　passim

18 U.S.C. § 2707 …………………………………………………………..　passim

Fed. R. Civ. P. 50.. ……………………………………………………………　passim

Fed. R. Civ. P. 51(c) ………………………………………………………..　passim

Fed. R. Civ. P. 59(c) ……………………………………………………... .　11,12

## **OTHER AUTHORITIES:**

11 Charles Alan Wright and Author R. Miller, Federal Practice and Procedure
§ 2540 (2d ed. 1995)……………………………………………………..　10

Appellants Electronic Scriptorium, Limited, and Edward Leonard hereby file this Supplemental Brief pursuant to this Court's order of December 5, 2008.

## SUMMARY OF ARGUMENT

This Court is not precluded by the Supreme Court's decision in *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006), from reviewing any of the issues that Appellants present for review. This appeal presents legal issues relating to the proper statutory interpretation of the damages provison of the Stored Communication Act, 18 U.S.C. § 2707(c). *Unitherm* concerns the impact of a party's failure to file a motion under Fed. R. Civ. P. 50(b) on an appellate court's ability to review errors based on the sufficiency of the evidence. None of the issues raised in this appeal concerns a review of the sufficiency of the evidence since the Plaintiff here plead in her Third Amended Complaint that she suffered no actual damages and stipulated to such. For this reason, the appeal raises only legal issues of statutory interpretation.

Moreover, all the issues presented in the Statement of Issues stem from erroneous jury instructions that are reviewed by this Court under Fed. R. Civ. P. 51(c). The Fourth Circuit has ruled explicitly that the failure to renew a pre-verdict motion by filing a Rule 50(b) motion as required in *Unitherm* does not prevent an appellate court from reviewing claimed errors in jury instructions. *A Helping Hand, LLC v. Baltimore County, Maryland*, 515 F.3d 356, 370 n. 7

1

(4th Cir. 2008).

## I. The Issues On Appeal Relating To Need to Prove Actual Damages Are Purely Legal Issues Of Statutory Interpretation.

At its core, this appeal presents issues of statutory interpretation of 18 U.S.C. § 2707. Specifically, whether a plaintiff can recover damages under section 2707(c) where a plaintiff elects not to plead or present evidence of actual damages. Resolution of the issue does not in any manner require the evaluation of the sufficiency of the evidence. The Plaintiff here filed her Third Amended Complaint for the specific purpose of omitting a claim for actual damages. The Third Amended Complaint dropped all references to actual damages. *Compare* Third Amended Complaint (JA at 441-47) *to* Second Amended Complaint (JA 128-37). Paragraphs 27 and 34 of the Second Amended Complaint refer to actual damages in the counts under the SCA whereas the reference to actual damages is entirely deleted from the Third Amended Complaint. *Id.* In lieu of actual damages, the Third Amended Complaint specified that Plaintiff sought "monetary damages to Van Alstyne in an amount measured by the statutory minimum damage figure set forth in the Electronic Communications Privacy Act for each of the repeated violations of that Act by Leonard and ESL…." JA at 446. Furthermore, Plaintiff stipulated that she would limit herself to statutory damages as opposed to actual damages. *Id.* at 427. Accordingly, it is abundantly clear from the record that the issues regarding statutory interpretation raised in

2

Appeal: 07-1892　　Doc: 62　　Filed: 12/19/2008　　Pg: 7 of 20

Appellant's Statement of Issues Presented do not required an evaluation of the evidence at trial.

As the issues on appeal are framed by the Third Amended Complaint as a pure legal issue of the proper interpretation of section 2707, the first three issues identified in the Opening Brief as issues presented for appeal, in the context of the actual record in this case, should properly be interpreted as raising legal issues and not issues as to the sufficiency of the evidence. For example, the first issue identified in the brief states:

> 1. Whether a plaintiff who presents no evidence of actual damages is entitled to recover compensatory damages under 18 U.S.C. § 2707(c) for violations of the Stored Communications Act 18 U.S.C. 2701(a).

The fact is Plaintiff did not present the evidence because she affirmatively elected at the pleading stage not to present evidence of actual damage and stipulated that she would not do so. Hence, the Trial Court was not required to evaluate the sufficiency of the evidence at all. Rather, the Trial Court proceeded from the stipulation that there was no evidence of actual damages and addressed the pure legal issue of the proper interpretation of section 2707(c). The standard of review for issues involving statutory construction is *de novo. U.S. v. Goforth*, 546 F.3d 712, 714 (4th Cir. 2008); *Cetto* v. *LaSalle Bank Nat. Ass'n*, 518 F.3d 263, 269 (4th Cir. 2008).

3

## II. The Issue Of Statutory Interpretation Is Reviewable As Plain Error Under Rule 51(c) Of The Federal Rules of Civil Procedure.

All jury instructions are subject to review under Rule 51of the Federal Rules of Civil Procedure. That is the case, even if a party did not object to the instruction at trial. Rule 51(c) that states instructions not objected to at trial are reviewable under the plain error standard "if the error affects substantial rights." As set forth above, the Fourth Circuit in *Helping Hand* has ruled that requirements of Rule 50(b) do not impact on the right of a party to raise issues on appeal relating to jury instructions. 515 F.3d 356, 370 n 7.

The Trial Court addressed the legal issue of statutory interpretation under section 2707(c) in ruling on Defendants' Motion for Summary Judgment. The Trial Court ruled that the Plaintiff was not required to present any evidence of actual damages in order to recover compensatory damages in the form of statutory damages.

Consistent with that prior ruling, the Trial Court instructed the jury that it could award statutory damages without proof of actual damages. 1468. The pertinent portion of the instruction states:

> Now, in this case, the plaintiff had not claimed that she suffered any actual damages as a result of the defendants' conduct. The Electronic Communications Privacy Act provided that if a plaintiff proves that a defendant violated the statute but has suffered no actual damage from that violation, she is entitled to recover no less than $1,000. This—and I'm putting it in quotes now – "no less than $1,000" is called statutory damages.

4

*Id.* This instruction clearly crystallizes the issue of statutory interpretation raised by the Appellants in this appeal. Specifically, the issue before the Court is whether the Trial Court was correct in instructing the jury that Plaintiff could recover statutory damages absent proof of actual damages. That is the issue raised in issue number 1 set forth of the Statement of Issues Presented in the Opening Brief.

Furthermore, the jury instruction relating to punitive damages presents issue number 2 set forth in the Statement of Issue Presented. The pertinent portion of the instruction states:

> Now, if you find for the plaintiff and if you award damages to the plaintiff, you may but are not required to also award punitive damages.

JA at 1468. This instruction required that the jury first find statutory damages before awarding punitive damages. As the Trial Court improperly permitted the award of statutory damages without proof of actual damage, it follows that this instruction caused the improper award of punitive damage. Finally, the award of attorney's fees followed from the improper instruction regarding statutory damages, and therefore, is properly before this Court.

Under any formulation of the plain error standard, the Trial Court erred because the instruction relating to actual damages cited above misstated the substantive principle of law governing damages under section 2707(c). Plain

5

error occurs when the error was so serious and flagrant that it goes to the very integrity of the trial or is a denial of fundamental justice. *Accord Stewart v. Hall,* 770 F.2d, 1271 (4th Cir. 1985). As one would expect, plain error includes instances where an instruction plainly misstated fundamentally controlling substantive principles governing the right to recover. *Miller v Premier Cor.*, 608 F.2d 973, 982 (4th Cir. 1979).

Here, the error in the conduct of the trial stems from a jury instruction that contains an erroneous reading of section 2707(c). Contrary to the Trial Court's instruction, statutory damages cannot be awarded absent actual damages for the reasons set forth in the Opening Brief and Reply Brief. Hence there was plain error and the erroneous reading of the statute clearly affected the substantial rights of the Defendants. The erroneous instruction on statutory damages directly impacted on substantial rights of the Defendants because the instruction directly lead to the award of $ 200,000 in statutory damages against the Defendants without any proof of actual damages.

Furthermore, for the reasons set forth in the Opening Brief and Reply Brief, Plaintiff was not entitled the award of punitive damages absent proof of actual damages. The Trial Court compounded its error with respect to statutory damages and thereby directly affected on the substantial rights of Plaintiff, by instructing the jury that it could award punitive damages upon the award of

6

statutory damages which erroneously did not require proof of actual damages. The instruction on statutory damages thereby caused further impact on the substantial rights of Defendants because it lead directly to the jury award of $100,000 in punitive damages.

The Fourth Circuit will reverse under the plain error standard when a "particular jury instruction must necessarily have caused the jury to act in complete ignorance of, or to have misapplied, fundamentally controlling legal principles to the inevitable prejudice of an aggrieved party." *Spell v. McDaniel*, 824 F.2d 1380, 1399 (4th Cir. 1987); *Furka v. Great Lakes Dredge & Dock Co.,* 775 F.2d 185, 1089 (4th Cir. 1985) (failure to give instruction plain error where instruction related to "soul of appellant's case").[1] In an unpublished decision the Fourth Circuit has reversed a trial court's decision where the jury instructions

---

[1] Van Alstyne relies upon *United States v. Beasley*, 495 F.3d 142 (4th Cir. 2007), to support her formulation of the plain error standard. First, the case is distinguishable because it is addressing the Criminal Rules of Procedure and not Rule 51 of the Federal Rules of Civil Procedure. Second, the *Beasley* Court identified the same general formulation of the plain error standard as set forth in the Opening Brief: "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 149. The alleged error in the instruction concerned whether the prosecutor was required to supply information relating to sentencing prior to the jury being sworn or after. *Id*. at 148. The information was supplied. Clearly that difference in timing can not be said to have been a fundamental error that would seriously affect the outcome of the proceeding unlike the substantive jury instruction at issue in this case.

relating to damages constituted plain error. *Ferguson v. Guyana Machinery Co.,* 1995 WL 20793; 46 F.3d 1123(table) (4th Cir. 1995). The Third Circuit found plain error where the jury was instructed on punitive damages where law the provided punitive damages could not be accessed against a municipality. *Chestnut v. City of Lowell,* 305 F.3d 18, 20 (3rd Cir. 2002). There is no question but that the Trial Court's error in its instruction relating to statutory damages directly and fundamentally affected on the outcome of the award of damages in this case.

Accordingly, the statutory damage award, punitive damage award, and attorneys' fee award should be vacated and the matter remanded to the Trial Court for rulings not inconsistent with this Court's rulings.

### III. *Unitherm* Does Not Prevent This Court From Evaluating The Issue Of Statutory Interpretation.

*Unitherm* does not block the issues presented for appeal in this case because the issues do not require this Court evaluate the sufficiency of the evidence and does not otherwise involve the principles underlying the decision. The Supreme Court in *Unitherm* held a party's "failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence…." 546 U.S. at 404. During the course of its analysis, the Supreme Court made clear that it was addressing the requirements of Rule 50 specifically in the context of a challenge to the sufficiency of the evidence. For example, the Supreme Court stated that

8

"Rule 50(a) allows a party to challenge the **sufficiency of the evidence** prior to the submission of the case to the jury…" and with respect to Rule 50(b) stated:

> Rule 50(b), by contract, sets forth the procedural requirements for **renewing a sufficiency of the evidence challenge** after the jury verdict and entry of judgment.

546 U.S. at 399-400 (Emphasis added.) Courts of Appeals interpreting *Unitherm* have repeatedly ruled that it applies only to appeals involving appeals addressing the sufficiency of the evidence. *Fuesting v. Zimmer, Inc.,* 448 F.3d 936, 939 (7th Cir. 2006*), cert. denied,* 127 S.Ct. 1151 (2007)*; Metcalf v. Bochco*, 200 Fed. Appx. 635, 637 n. 1 (9th Cir. 2006). The application of *Unitherm* beyond appeals involving the sufficiency of the evidence "would undermine those which explicitly state that a "post judgment motion is not a prerequisite to an appeal." *Fuesting*, 448 F.3d at 940-41. As the *Fuesting* Court noted:

> If there have been errors at trial, duly objected to, dealing with matters other than the sufficiency of the evidence, they may be raised on appeal from the judgment even though there has not been either a renewed motion for judgment as a matter or law or a motion for new trial ….

448 F.3d at 941, *quoting* 11 Charles Alan Wright and Author R. Miller, Federal Practice and Procedure § 2540 (2d ed. 1995) at 9A.

Moreover, in explaining the basis for its ruling the Supreme Court in *Unitherm* focused on the opportunity a trial court plays see and hear the witnesses and thereby integrate that direct contact with the witnesses

9

in evaluating the sufficiency of the evidence. *Id.* at 401. For example, the Court reasoned:

> A post verdict motion is necessary because '[determination of whether a new trial should be granted or a judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the cases which no appellate transcript can impart.

546 U.S. at 401.

None of the reasons that justify the need for a trial court in a challenge to the sufficiency of the evidence is present here. There was no evidence for the Trial Court to have evaluated in reaching the issues presented on appeal. The only fact underlying the first three issues for review is whether there was any evidence of actual damages. As set forth above, the Plaintiff in her Third Amended Complaint pleaded the absence of actual damages and stipulated to no actual damages. Hence, there was no role for the Trial Court to play in evaluating the witnesses or no significance to the Trial Court's perception of the feel for the trial with respect to the precise issues raised on appeal. The issue on appeal is purely one of statutory interpretation. Accordingly, the reasons for the strict application of the Rule 50(b) requirement do not exist with respect to the issues raised on appeal in this case and *Unitherm* is inapplicable.[2]

---

[2] Also, because the appeal does not involve a challenge to the sufficiency of the evidence, this Court can review the Trial Court's denial of Defendant's Motion for new trial under Rule 59. The grant or denial of a motion for a new trial is

10

Additionally, *Unitherm* is further distinguishable from this case because the defendant in that case did not make a Rule 50(b) motion or a motion for new trial under Rule 59 as the Defendants did here.  Rather, the defendant in *Unitherm* challenged the sufficiency of the evidence solely under Rule 50(a).  Accordingly, there are no procedural impediments to this Court's full review of the legal issue of whether Van Alstyne, under 18 U.S.C. § 2701(c) could recover any damages or attorney's fees absent proof of any actual damages.

An additional reason *Unitherm* presents no impediment to an appeal here is because the Defendants **did** file a Rule 50(b) motion.  In *Unitherm*, the defendant made a Rule 50(a) motion as did both Defendants in this case. However, unlike the Defendants here, the defendant in *Unitherm* did not file a Rule 50(b) motion or a Rule 59 motion for new trial.  Accordingly, the trial court in *Unitherm* had no opportunity to reconsider the Rule 50(a) pre-verdict motion.

Unlike the circumstances in *Unitherm*, the Trial Court here had the opportunity to reconsider her denial of the Rule 50(a) Motion on the ground that

---

abuse of discretion. *Bristol Steal & Iron Works v. Bethlehem Steel Corp.,* 41 F.3d 182,186 (4th Cir. 1994*).* In reviewing a grant or denial of a new trial, the crucial inquiry is "whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair." *Id.*, *quoting,* DMI*, Inc. v. Deere & Co.*, 802 F.2d 421, 427 (Fed. Cir. 1986).  Permitting the Plaintiff to proceed with a claim for damages under Section 2707(c) without pleading actual damages was an error so grievous as to render the trial unfair in light of the language of the statute.

11

the Plaintiff elected not to attempt to prove actual damages. JA at 738. Van Alstyne acknowledges that Appellants in fact filed a Rule 50(b) motion, but argues, without citing any authority, that the specific grounds for the Rule 50(b) motion should have included a specific reference to the no actual damages argument raised in the summary judgment motion and re-raised in the Rule 50(a) motion. Appellants, however, literally complied with the requirements of Rule 50(b).

Moreover, contrary to the Plaintiff's assertion, Defendants did raise the issue of actual damages in its Rule 50(b) Motion. Specifically, in its Reply Memorandum, Defendants raised the issue of the lack of evidence of actual damages. JA 965-972 (Defendants' Reply Memorandum to Plaintiff's Opposition To Defendants' Motion for Judgment As A Matter of Law). The Reply Memorandum states in pertinent part:

> Furthermore, the Plaintiff must also accept the legal consequences of not seeking actual damages. The jury was told she did not suffer any actual damages and to this date there is no evidence of such.

JA 969. While this statement does not specifically articulate the legal consequences of not seeking actual damages and does not specifically cite 18 U.S.C. § 2707, it does raise the absence of actual damages as having legal consequences. And, those legal consequences obviously refer to the "no actual damages" argument presented by the Appellants both pretrial and during trial.

12

The Trial Court had twice ruled against Leonard and ESL on the "no actual damages" argument. It raises form over substance in this case to require the Appellants to have repeated in the Rule 50(b) motion *in haec verba* the arguments raised in the motion for summary judgment and renewed in the Rule 50(a) Motion. The District Court clearly had the opportunity on two occasions to consider the arguments and rejected them. Most importantly, in ruling on the Rule 50(b) Motion, the Trial Court acknowledged that she had in fact considered the Rule 50(b) Motion to have renewed the Rule 50(a) motion. The Trial Court ruling evidences such:

> [I] find on the basis of this evidence that … there was sufficient evidence for them to reach the conclusions which they did… For those reasons and as well as the reasons that we stated throughout the trial**, when the various motions were made during the trial,** I am denying the defendants' motions both for judgment as a matter of law or, in the alternative, a motion for a new trial….

JA 1499. (Emphasis added.) Clearly, the reference to "various motions … made during the trial" includes the pre-verdict Rule 50(a) Motion were Defendants renewed the grounds stated in their summary judgment that Plaintiff was not entitled to any damages because they had not shown actual damage. JA 1239-40. Appellants have literally complied with Rule 50 by filing a Rule 50(b) Motion and this Court does have the power to reverse and enter judgment for ESL and Leonard based on the statutory arguments.

13

## CONCLUSION

In sum, all issues are properly before the Court for review and *Unitherm* is no bar this Court's review of those issues. The statutory damage award, punitive damage award, and attorneys' fee award should be vacated and the matter remanded to the Trial Court for rulings not inconsistent with this Court's rulings.

                                              Respectfully submitted,

                                              /s/ Nicholas Hantzes
                                              Nicholas Hantzes (VSB 23967)
                                              Counsel for the Appellants

Nicholas Hantzes
HANTZES & REITER
1749 Old Meadow Road, Suite 308
McLean, Virginia  22102
Ph:   703-378-5000
Fax:  703-448-4434

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1892     Caption: Van Alystyne v. Electronic Scriptorum et al

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

  - [✓] this brief contains 3060 *[state the number of]* words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

  - [ ] this brief uses a monospaced typeface and contains _____ *[state the number of]* lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

  - [✓] this brief has been prepared in a proportionally spaced typeface using MS Word for XP *[state name and version of word processing program]* in Times New Roman, 14 Point *[state font size and name of the type style]*; or

  - [ ] this brief has been prepared in a monospaced typeface using _____ *[state name and version of word processing program]* with _____ *[state number of characters per inch and name of type style]*.

(s) Nicholas Hantzes

Attorney for Appellants

Dated: 12/19/08

## CERTIFICATE OF SERVICE

I hereby certify on December 18, 2008, that eight true copies of the Supplemental Brief of the Appellants were filed by federal express two day service addressed to the Clerk's Office, United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Richmond, Virginia 23219 and two true copies of the Supplemental Brief of the Appellants were served by federal express two day service upon Christopher Abel, Troutman Sanders LLP, 150 West Main Street, Suite 1600, Norfolk, Virginia 23510. Additionally, I certify that on December 19, 2008, I electronically filed Supplemental Brief of the Appellants with the Clerk of the Court using CM/ECF System, which will send notice of such filing to the following registered CM/ECF: Christopher Abel.

/s/ Nicholas Hantzes

Nicholas H. Hantzes